No. 606 August 28, 2024 635

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

WESLEY HAMANN,
*Petitioner-Appellant,*
*v.*
Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*
Malheur County Circuit Court
20CV05178; A180758

Patricia A. Sullivan, Senior Judge.

Submitted August 1, 2024.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner was convicted of 59 sex offenses against his daughter, some by nonunanimous verdict which have since been set aside. In this post-conviction proceeding, he seeks relief from the balance of his convictions on the ground that his trial lawyers were inadequate and ineffective, in violation of his rights under Article I, section 11, of the Oregon Constitution, and the Sixth and Fourteenth Amendments to the United States Constitution, when they did not retain an expert witness in child abuse interviewing "like Dr. [Wendy] Bourg" for the purpose of challenging the victim's testimony. The post-conviction court rejected that claim for several reasons, including that "[p]etitioner, who has the burden of proof, has failed to show that the expert would have been available for trial." Our review is for legal error and to determine whether the post-conviction court's factual findings are supported by the evidence. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015). We affirm.

To prevail on his claim that trial counsel was inadequate or ineffective for not calling Bourg or a similar expert, petitioner was required to prove that Bourg or a witness like her "would have been available to testify at trial." *Phillips v Premo*, 280 Or App 634, 644, 381 P3d 986 (2016). Here, petitioner presented no evidence that would allow an inference that an expert other than Bourg would have been available to testify at trial. As to Bourg's availability, the evidence in the record would permit a reasonable factfinder to resolve that point of fact in different ways. On the one hand, the record contains a declaration from Bourg stating that she would have been available "to work on the criminal case underlying these proceedings, both at the time of trial and the months leading up to it." That evidence would permit a factfinder to find that Bourg was available.

On the other hand, petitioner's lead attorney testified in her deposition that she had consulted other attorneys who had recommended Bourg and that she thought she had contacted Bourg, although she was not certain. Petitioner's second attorney recalled "that somebody had contacted [Bourg] or was informed either through contact with her or in some other way that she was so busy at that point she wasn't ***

taking on any new cases[.]" Although not certain about the point, petitioner's second attorney explained that he associated the memory about consulting Bourg with petitioner's case, because he had "not had very many opportunities to be on a case with co-counsel and have needed Dr. Bourg as an expert witness." That evidence, which undermines Bourg's declaration, would permit a reasonable factfinder to find, as the post-conviction court did, that it was not persuaded that it was more likely than not that Bourg was available to assist in petitioner's underlying trial. Said another way, the testimony of petitioner's trial attorneys could cause a reasonable factfinder to doubt Bourg's representations and to decline to credit them.

Given the sum of the evidence, the post-conviction court's finding that petitioner did not prove the availability of Bourg or a similar witness binds us, notwithstanding Bourg's representation that she would have been available. *See State v. Johnson*, 335 Or 511, 523, 73 P3d 282 (2003) (explaining that an appellate court is "bound by a trial court's 'finding' that a party's evidence is not sufficiently persuasive"). Accordingly, we affirm.

Affirmed.